# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KATHRYNN ELIZABETH BRYNN,

Defendant-Appellant.

UNPUBLISHED
June 12, 2018

No. 337481
Oakland Circuit Court
LC No. 2016-257301-FH

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

SWARTZLE, J. (*dissenting*).

I respectfully dissent. On August 10, 2016, defendant pleaded guilty to driving while intoxicated, third offense, and she stipulated that she had a blood alcohol level of 0.289 at the time—more than 3.5 times the legal limit. Sentencing was set for six weeks later. Then, on August 24, 2016, defendant was arrested again for another drunk-driving offense in a different county. The sentencing guidelines calculated in this case had not been adjusted at the time of her sentencing.

As I read the majority opinion, it arrives at two conclusions. First, that the trial court properly considered defendant's subsequent drunk-driving offense in rendering its sentence in this case. Second, that the trial court improperly departed from the guidelines by failing to justify the extent of its departure. With the first conclusion, I have no quarrel, though the same cannot be said with the second.

The calculated guidelines range of zero to six months of imprisonment was clearly insufficient here, given that it did not include defendant's post-conviction charge—her fourth drunk-driving offense. Even had the guidelines been adjusted upwards from six to 11 months to consider this fourth offense, a sentence of 11 months would itself be insufficient because it did not consider the fact that defendant was charged with drunk driving within two weeks after she pleaded guilty to drunk driving in this case. In other words, even had the guidelines calculation been adjusted to include the subsequent offense, such adjustment would not have distinguished defendant's situation from that of a person who had learned from prior convictions and abstained from drunk driving for several years, but then later relapsed. In short, even an adjusted guidelines range would not have adequately accounted for the circumstances surrounding *this* defendant and *this* offense.

The trial court clearly had these considerations in mind when it explained that it was departing upward because defendant had not taken the earlier charges seriously, had limited potential for rehabilitation if she received only probation, and would endanger herself and the community—all unassailable statements given the record before us. The trial court's explanation justified a sentence above 11 months of imprisonment. Whether 18 months was somehow the optimal sentence, as opposed to 12, 16, or 20 months, is not before us on appeal. We need only determine whether the sentence was proportionate to *this* defendant and *this* offense, and on that score, the trial court adequately justified its sentence. Given the law and this record, I would affirm defendant's sentence and, accordingly, I respectfully dissent from the majority's decision to remand this case for resentencing.

/s/ Brock A. Swartzle